Barnard, P. J.
This action is brought to recover for the value of service® rendered by the plaintiff for the defendant, in procuring knowledge of fact® and witnesses to prevent the probate of a will in which the defendant was in' terested. The employment is denied, and upon this issue the direct proof is very light. The plaintiff testifies that the defendant employed him, and the defendant denies the same fully and thoroughly. She says she did not employ the plaintiff, did not know that he was employed and was never informed of his employment, and never authorized any one to employ him for her. The other evidence in the case supports her statement. One of the persons interested in the contest seems to have been in such a condition of health as to need a physician to be quite constantly with him while the will contest was going on, and the plaintiff was a physician who did him this service. His attendance was furnished on very many occasions when this person (a brother of the defendant) was in the office of the common lawyers of both of them. A very large bill for professional and other service was rendered against his estate between dates, which includes the claim in question or a large part of it. In view of the denial of the defendant of the employment, a referee under this state of the evidence was fully justified in finding that there was no employment proven; that it was in fact disproven. The services were manifestly rendered by the plaintiff under his employment by the sick brother and by him alone A recognition qf the results of the plaintiff’s inquires by the lawyer for the contestant carries no weight upon the question. He was obtaining information for the trial which interested others besides the contestant, but there must be an employment by the defendant before the plaintiff can recover against her on account of information so received from the plaintiff. Numerous exceptions were taken on the trial, and an examination of them shows no error therein. The conversation between the plaintiff and defendant was permitted in full and with every detail. At its commencement in the testimony ■of the plaintiff, a remark which he testifies that he made to her, that “he came from” her attorney was stricken out. Subsequently the witness was permitted to testify to everything that was said by him or by the defendant in respect to the attorneys statements that he did. It was a material circumstance upon the trial of the issue that a bill for services was rendered to the defendant’s brother for services, and which was apparently similar in date and kind of service. The testimony of the plaintiff was not entirely conclusive upon the point. He stated “that he hadn’t any memory about these things.” It was, therefore, •competent to introduce the evidence in respect to the proceedings had before the notary, taken upon a stipulation between the plaintiff and the representatives oE the defendant’s brother. It was proven that the plaintiff authorized • the examination of the witness, and was present when it was taken. This was proper under the circumstances of this case, both to impeach the plaintiff as a witness, and also to prove that no employment was made by defendant of the plaintiff.
The principal item of this bill was in the case in the form of the bill itself. The relations of the plaintiff to the defendant’s deceased brother were of no importance. If the design had been to show that the items in the bill against him were not the same as those contained in the bill involved in this action, the question did not point it out. Upon the cross-examination the witness had stated fully the relations between the deceased and himself. We have examined the other exceptions and think they were not vital to the case, and that the judgment should be affirmed, with costs.
Pratt and Dykman, JJ., concur.